UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-22352-CIV-MIDDLEBROOKS/WHITE
(CASE NO. 07-20588-CR-MIDDLEBROOKS)

GREGORY STARKS,
    Movant,

v.

UNITED STATES OF AMERICA,
    Respondent.

_____/

## ORDER GRANTING MOVANT'S MOTION TO FILE CORRECTED OBJECTIONS (DE 19) AND ADOPTING REPORT AND RECOMMENDATION

THIS CAUSE is before the Court upon Gregory Starks's *pro se* Motion to Vacate pursuant to 28 U.S.C. § 2255 ("Motion") (DE 1), attacking his conviction and sentence in Case No. 07-20588-CR-MIDDLEBROOKS. Starks's Motion was filed on August 3, 2009, and referred to the Honorable United States Magistrate Judge Patrick A. White. Judge White issued a Report and Recommendation ("Report") (DE 16) on August 9, 2010, recommending that Starks's Motion be denied in its entirety. Objections to the Report were due within fourteen days of receipt of a copy of the Report, which Starks received on August 11, 2010. (*See* DE 18 at 2). Movant timely filed Objections on August 25, 2010 (DE 18).

Starks raises several arguments in response to Judge White's recommendation that his Motion to Vacate be denied. First, he reasserts his claim alleging ineffective assistance of counsel, due to failure by his trial counsel's failure to object to the drug quantity attributed to Starks. Second, he alleges ineffective assistance based on counsel's failure to object to Starks's classification as a career offender resulting from a "nonexistent offense – being a career offender with only one prior violent felony." (DE 20 at 6). Third, Starks raises a new ineffective assistance of counsel claim, namely that his counsel was deficient for failing to properly advise him regarding his guilty plea, depriving Starks of a sufficient understanding of his plea agreement and therefore rendering his waiver of appeal unenforceable. (DE 20 at 3-5). On September 23,

2010, Movant filed a Motion for Leave to File Corrected Objections (DE 19) ("Corrected Objections"), seeking only to insert a reference to an exhibit attached to his original Objections.  Subsequently, on September 28, 2010, the Government filed its own Objection to Judge White's Report as well as its response to Starks's Corrected Objections (DE 21).[1]  The Government  requests that this Court conduct its own *de novo* review, pursuant to Federal Rule of Civil Procedure 72(b), of the underlying record to determine whether Movant's claims were time-barred under the one-year statute of limitations for section 2255 motions. *See* 28 U.S.C. § 2255(f).

Movant Starks's Motion for Leave to File Corrected Objections (DE 19) is granted. Starks merely seeks to insert a reference within the text of his original Objections to "Exhibit B"—an exhibit already attached to his timely-filed original Objections—and he submitted his Corrected Objections (DE 20) within one month of his original Objections. *Cf. State Contracting & Eng'g Corp. v. Condotte Am., Inc.*, 368 F. Supp. 2d 1296, 1300 (S.D. Fla. 2005) (finding a motion requesting leave to amend objections to a report and recommendation filed four months after the deadline "inexcusable" and noting that "[w]hile minor procedural violations will be tolerated, the delay in question here amounts to a causal disregard for Court imposed deadlines which will not be tolerated"). Furthermore, Starks made no substantive changes to his original Objections, and the Government was not prejudiced by the limited change Starks made. Accordingly, Movant's Motion for Leave to File Corrected Objections is granted.

The Government has requested that this Court conduct a *de novo* review of the underlying criminal

---

[1] According to Federal Rule of Civil Procedure 72(b)(2), "[a] party may respond to another party's objections within 14 days after being served with a copy." FED. R. CIV. P. 72(b)(2) While the Government filed its Objections more than fourteen days after Movant Starks filed his original Objections on  August 25, 2010 (DE 18), its response and Objections were filed within five days of Movant Stark's corrected Objections (DE 20). As this Court is granting Movant's Motion to File Corrected Objections (DE 19), it will also consider the Government's response to Movant's Objections and its limited objection to the Report (DE 21). Furthermore, the deadline for filing objections is not jurisdictional, and late-filed objections can be considered where the filing is not egregiously late and causes no prejudice to any adverse party. *Hunger v. Leininger*, 15 F.3d 664, (7th Cir. 1994) (cited with approval in *Employer Reinsurance Corp.* v. *Laurier Indemnity Co.*, NO. 8:03-CV-1650-T-17MSS, 2006 WL 1679366, at *2 (M.D. Fla. June 19, 2006) ).  This is certainly the case here, where the Government filed its Objections within five days of Movant's Corrected Objections.

and civil record in Movant's case to determine whether his claims are time-barred. (DE 21 at 1-3). Under Federal Rule of Civil Procedure 72(b)(3), "[a] district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to," FED. R. CIV. P. 72(b)(3), and the Eleventh Circuit has clarified that, when a party files a timely and specific objection to a magistrate's finding of fact in a report and recommendation, district courts must conduct a *de novo* review of the record with respect to the factual issues. *LoConte v. Dugger*, 847 F.2d 745, 749-50 (11th Cir. 2008). *See also State Contracting & Eng'g Corp*, 368 F. Supp.2d 1299-1300 (S.D. Fla. 2005). Having reviewed the record, I find that Movant Starks's initial petition (DE 1) and amended motions (DE 6, DE 13) are time-barred.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations on federal prisoners filing section 2255 motions. *See* 28 U.S.C. § 2255. A movant's motion to vacate pursuant to section 2255 is timely if it was filed within one year of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

As the procedural history shows, the Judgment and Commitment Order in Starks's underlying criminal case (Case No. 07-20588-MIDDLEBROOKS) was entered on the docket on December 20, 2007 (DE 69). Because Starks did not file a direct appeal of his conviction and sentence, both became final when the ten-day period for filing a notice of appeal expired. FED. R. APP. P. 4(b)(1)(a); *Clay v. United States*, 537 U.S. 522 (2003). Under the circumstances, the ten-day filing period expired, and Starks's sentence and conviction became final, on January 3, 2008. Therefore, under section 2255(f)(1), Starks had one year from January 3, 2008 to file a section 2255 motion. As Judge White's Report notes, however, Starks's initial

Motion to Vacate pursuant to 28 U.S.C. § 2255 (DE 1) was dated, submitted for mailing, and therefore filed,[2] on August 3, 2009—one year and seven months after Movant's conviction in the criminal case was final. Furthermore, even if Starks were given the benefit of the later date for his *Begay/Archer* claim, alleging ineffective assistance of counsel for failure to object to Starks's sentence enhancement on the grounds of a "non-existent offense," his claims would still be time-barred under section 2255(f)(3). In *Dodd v. United States*, 545 U.S. 353 (2005), the Supreme Court held that the one-year limitation period under section 2255(f)(3) runs from the date on which the right asserted was initially recognized by the Supreme Court. 545 U.S. at 357. The Supreme Court's decision in *Begay* was announced on April 16, 2008, more than one year and three months before Starks filed his Motion to Vacate. Because Movant Starks did not file his section 2255 motion attacking his sentence and conviction within the required one-year filing period, his claims are time-barred.

Even if Starks's Motion to Vacate was not time-barred, his Objections to Judge White's Report are unconvincing and the Motion should still be denied. Movant's first objection that his counsel was deficient for failing to object to the quantity of cocaine attributed to Starks is unpersuasive. "Conclusive or general objections need not be considered by the district court," *Nettles v. Wainwright*, 677 F.2d 404, 410 (11th Cir. 1982), and Starks's objection is nothing more than a single sentence reasserting the blanket objection. Starks did not specify the grounds for his objection, but simply noted his objection existed. This is insufficient. *See Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006) (noting that objections disputing the correctness of a magistrate's recommendation that fail to specify the findings believed to be in error are too general).

Movant's second objection that his Counsel deprived him of a sufficient understanding of the plea agreement, thus rendering the agreement unenforceable, must fail. Arguments that are not raised before a magistrate judge cannot be raised for the first time as an objection to a report and recommendation. *U.S. v. Cadieux*, 324 F. Supp. 2d 168 (D. Me. 2004). *See Fireman's Ins. Co. v. Todesca Equip. Co.*, 310 F.3d 32,

---

[2] *See Washington v. United States*, 243 F.2d 1299, 1301 (11th Cir. 2001) (a motion is "filed" when it is provided to the Bureau of Prisons for mailing).

38 (1st Cir. 2002); *Borden v. Sec'y of Health & Human Servs.*, 836 F.2d 4, 6 (1st Cir. 1987) ("Parties must take before the magistrate, 'not only their "best shot" but all of their shots.'") (quoting *Singh v. Superintending Sch. Comm.*, 593 F. Supp. 1315, 1318 (D. Me. 1984)). Starks never raised this ineffective assistance of counsel claim in prior pleadings, instead raising it for the first time only in response to Judge White's Report, (DE 21 at 3), and therefore the issue must be deemed waived. *Fireman's Ins. Co.*, 310 F.3d at 38.

Moreover, because this ineffective assistance of counsel claim does not "relate back" to Movant's prior pleadings under Federal Rule of Civil Procedure 15(c), this claim is time-barred under the one-year statute of limitations for federal habeas corpus petitions. *See* 28 U.S.C. § 2255. Rule 15(c) provides that "[a]n amendment of a pleading relates back to the date of the original pleading when ... the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." FED. R. CIV. P. 15(c)(2). While it is true that Starks raised several ineffective assistance of counsel claims in his prior pleadings, he never raised this particular claim until he filed his Objections to Judge White's Report. As the Eleventh Circuit has explained, "[t]he critical issue in Rule 15(c) determinations is whether the original complaint gave notice to the defendant of the claim now being asserted." *Moore v. Baker*, 989 F.2d 1129, 1131 (11th Cir.1993). A claim alleging ineffective assistance of counsel for failure to provide Starks with a sufficient understanding of the plea agreement does not relate back under Rule 15(c) to claims for ineffective assistance of counsel alleging deficient performance for failure to object to drug quantities attributed to Starks, and failure to object to Starks's classification as a career offender. *See Davenport v. United States*, 217 F.3d 1341 (11th Cir. 2000); *United States. v. Craycraft*, 167 F.3d 451, 456-57 (8th Cir. 1999) (an untimely claim of ineffective assistance of counsel based on counsel's failure to file an appeal did not relate back to timely claims of ineffective assistance of counsel for not pursuing a downward departure, not objecting to the characterization of the drugs, and not raising challenges to a prior state conviction); *United States v. Duffus*, 174 F.3d 333, 336-37 (3rd Cir. 1999) (explaining that "while [petitioner] asserted in his initial motion that his attorney had been ineffective, the

particular [ineffective assistance of counsel] claim with respect to failing to move to suppress evidence [in petitioner's untimely amendment] was completely new" and therefore did not relate back under Rule 15(c)).[3] For these reasons, Movant's second objection is not persuasive.

Starks's third and final objection that his sentence enhancement was based upon a non-existent offense of "being a career offender with only one prior violent felony,"[4] (DE 20 at 6), is similarly unpersuasive.  Under the United States Sentencing Guidelines ("USSG"), to be a career offender the defendant must be at least eighteen years of age at the time of the instant offense of conviction, the instant offense of conviction must be a felony that is either a crime of violence or a controlled substance offense, and the defendant must have at least two prior felony convictions for either a crime of violence or a controlled substance offense.  U.S. SENTENCING GUIDELINES MANUAL § 4B1.1(a) (2009). Essentially, Movant Starks argues that the Government did not rely on the correct convictions when assigning him career

---

[3] *See also U.S. v. Pittman*, 209 F.3d 314 (4th Cir. 2000).  In *Pittman*, the Fourth Circuit rejected Petitioner Pittman's argument that because the allegations in the amended motion arose from the same "occurrence"—his trial and penalty phases—his untimely amended motion related back to his timely-filed section 2255 motion under Rule 15(c) .  The Fourth Circuit concluded that this view of "occurrence" was "at too high of a generality" and explained:

[t]he fact that amended claims arise from the same trial and sentencing proceeding as the original motion does not mean that the amended claims relate back for purposes of Rule 15(c). If we were to craft such a rule, it would mean that amendments to a § 2255 motion would almost invariably be allowed even after the statute of limitations had expired, because most § 2255 claims arise from a criminal defendant's underlying conviction and sentence. Such a broad view of "relation back" would undermine the limitations period set by Congress in the [Antiterrorism and Effective Death Penalty Act of 1996].

*Pittman*, 209 F.3d at 318 (cited with approval in *Davenport v. United States*, 217 F.3d 1341 (11th Cir. 2000).

[4] Starks's claim rests on the Eleventh Circuit's decision in *United States v. Archer*, 531 F.3d 1347 (11th Cir. 2008).  In *Begay v. United States*, 553 U.S. 137 (2008), the Supreme Court interpreted the "otherwise" clause of the "violent felony" definition in the Armed Career Criminal Act, 18 U.S.C. § 924(e), to mean those offenses that are "roughly similar, in kind as well as in degree of risk posed to the [statutory] examples" of burglary, arson, extortion, and offenses involving the use of explosives. 553 U.S. at 143.  In light of the Supreme Court's ruling in *Begay*, the Eleventh Circuit in *Archer* held, on remand, that a prior conviction for carrying a concealed firearm in violation of Florida law did not constitute a "crime of violence" within the meaning of USSG section 4B1.2(a), providing sentence enhancement for career offenders.  531 F.3d at 1348.

offender status.  While Starks tacitly admits in his Objections to have committed at least two controlled substance offenses that qualify him for career offender status under USSG sections 4B1.2(b) and (c), he alleges that the Government relied solely on his conviction for carrying a concealed weapon (Miami-Dade Felony Case No. F96030923) to classify him as a career offender.  (DE 20 at 7).  As Judge White notes in the Report, however, Starks's Presentence Investigation Report ("PSI") referenced "no less than two prior adult 'controlled substance' felony convictions" that qualified Starks as a career offender.  (DE 16 at 11).[5] I agree with Judge White that, although the PSI referenced Starks's conviction for carrying a concealed weapon in Miami-Dade Felony Case No. F96030923 as a basis for Starks's career offender status,

> "[t]hat conviction . . . is and was unnecessary to a finding that Starks qualified as a Career Offender. Based alone on his prior drug offenses in Cases F03013421 and F05028838A (referenced in ¶¶ 58 and 61 of the [PSI]), he was a Career Offender for whom the proper enhanced Offense Level was 37, with or without the Concealed Firearm conviction in Case F96030923."

(DE 16 at 11-12).  Starks's objection that his sentence was enhanced based upon a non-existent offense is belied by the record.  Movant's further objection, that under the Eleventh Circuit's holding in *United States v. Canty*, 570 F.3d 1251 (11th Cir. 2009),[6] the Government is not permitted to present additional evidence to support Starks's sentence enhancement—an argument based on Starks's belief that his sentence enhancement resulted from his concealed weapons conviction, and not his prior convictions for controlled substance felonies—is likewise undermined by the record.  The Government has no need to present additional evidence supporting Starks's sentence enhancement under USSG section 4B1.1(a) because the evidence was already presented in the PSI, (*see* PSI ¶¶ 58, 61), qualifying Starks as a career offender.  No

---

[5] *See* PSI ¶ 58 (referencing an Aug. 6, 2003 conviction for possession with intent to sell or deliver marijuana, and possession with intent to sell, manufacture or deliver cocaine (Miami-Dade Felony Case No. F03013421)) and ¶ 61 (referencing a Sept. 30, 2005 conviction for possession with intent to sell, manufacture or deliver cannabis (Maimi-Dade Felony Case No. F05028838A)).

[6] In *Canty*, the Eleventh Circuit concluded that the Government was not entitled to remand to "present additional evidence and seek additional findings of fact and conclusions of law to support the [sentence] enhancement when it failed to offer such evidence and seek those findings and conclusions during the initial sentencing hearing and did not object to the manner in which the sentence was imposed."  570 F.3d at 1257.

further evidence is needed to prove what has already been shown.  Accordingly, Starks's objection is without merit.

For the reasons stated above and those in the Report of Magistrate Judge White,  it is hereby

**ORDERED AND ADJUDGED** that United States Magistrate Judge White's Report (DE 16) is **RATIFIED, ADOPTED, AND APPROVED** in its entirety.  It is further

**ORDERED AND ADJUDGED** that Movant Starks's Motion to Vacate pursuant to 28 U.S.C. § 2255 is untimely and therefore **DENIED**.  The Clerk of Court shall **CLOSE** this Case.

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida, this ⁄⁄ day of October, 2010.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

Copies to:       Magistrate Judge White;
                 All Counsel of Record;
                 Gregory Starks, *pro se*
                 Reg. No. 78800-004
                 Miami Federal Correctional Inst.
                 P.O. Box 779800
                 Miami, FL 33177

8